# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DENISE E. HUDDLESTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-13-119-SPS |
| ) | |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of the Social** ) | |
| **Security Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER AWARDING
## ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)

The Plaintiff appealed the decision of the Commissioner of the Social Security Administration denying her request for benefits. Upon motion by the Commissioner, the Court reversed the Commissioner's decision and remanded the case for further proceedings. On remand, the Administrative Law Judge ("ALJ") found that the Plaintiff was disabled and awarded her $98,128.00 in past-due benefits. The Plaintiff's attorneys now seek an award of fees pursuant to 42 U.S.C. § 406(b)(1). For the reasons set forth below, the Court finds that the Plaintiff's Motion for an Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Docket No. 26] should be granted and that Plaintiff's attorneys should be awarded $18,532.00 in attorneys' fees.

When "a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25

percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. 406(b)(1)(a). The 25% does not include any fee awarded by the Commissioner for representation in administrative proceedings pursuant to 42 U.S.C. § 406(a). *Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) ("Based on the plain language and statutory structure found in § 406, the 25% limitation on fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner."). The amount requested in this case is $18,532.00, roughly 19% of the Plaintiff's past-due benefits and in accordance with the applicable attorney fee agreement, and the motion was timely filed within thirty days of the notice of award. *See Harbert v. Astrue*, 2010 WL 3238958 at *1 n. 4 (E.D. Okla. Aug. 16, 2010) (slip op.) ("The Court notes here that while no explanation is needed for a Section 406(b)(1) motion filed within thirty days of issuance of the notice of appeal, lengthier delays will henceforth be closely scrutinized for reasonableness, including the reasonableness of efforts made by appellate attorneys to obtain a copy of any notice of award issued to separate agency counsel."). *See also McGraw v. Barnhart*, 450 F.3d 493, 504-505 (10th Cir. 2006) ("Section 406(b) itself does not contain a time limit for fee requests. . . . We believe that the best option in these circumstances is for counsel to employ Federal Rule of Civil Procedure 60(b)(6) in seeking a § 406(b)(1) fee award."); Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time[.]"). The Court therefore need only determine if this amount is reasonable for the work performed in this case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for

successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."). Factors to consider include: (i) the character of the representation and results achieved; (ii) whether any dilatory conduct might allow attorneys to "profit from the accumulation of benefits during the pendency of the case in court[;]" and, (iii) whether "the benefits are [so] large in comparison to the amount of time counsel spent on the case" that a windfall results. *Id.* at 808, *citing McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989) (reducing fees for substandard work); *Lewis v. Secretary of Health & Human Services*, 707 F.2d 246, 249-50 (6th Cir. 1983) (same); *Rodriguez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (noting fees are appropriately reduced when undue delay increases past-due benefits or fee is unconscionable in light of the work performed); *Wells v. Sullivan,* 907 F.2d 367, 372 (2nd Cir. 1990) (court should consider "whether the requested amount is so large as to be a windfall to the attorney."). Contemporaneous billing records may be considered in determining reasonableness. *Id.* at 808 ("[T]he court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases."), *citing Rodriguez*, 865 F.2d at 741.

Based on the factors enunciated in *Gisbrecht*, the Court concludes that $18,532.00 in attorneys' fees is reasonable for the work done in this case. First, the attorney ably represented the Plaintiff in her appeal to this Court and obtained excellent results on her

behalf, *i. e.*, following submission of the Opening Brief, the Commissioner voluntarily moved to remand for further consideration. The Plaintiff's success on appeal enabled her not only to prevail in her quest for social security benefits, but also to obtain $3,293.00 in attorneys' fees as the prevailing party on appeal under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), which will essentially reduce any amount awarded from her past-due benefits pursuant to Section 406(b). Furthermore, there is no evidence that the Plaintiff's attorneys caused any unnecessary delay in these proceedings.

Regarding the third factor, the Commissioner contends that a fee of $18,532.00 (which equates to approximately $1,109.70 per hour given the 16.7 hours claimed by the Attorney in connection with the Plaintiff's appeal herein) would amount to a windfall and recommends an award of no more than $400.00 per hour. It is undoubtedly arguable that an award of $1,109.70 per hour for 16.7 *does* approach what the Supreme Court had in mind against a windfall fee in *Gisbrecht*: "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." 535 U.S. at 808, *citing Rodriquez,* 865 F.2d at 747 and *Wells,* 907 F.2d at 372. But the Court declines to impose the reduction urged by the Commissioner for several reasons. First, the Court has previously determined that hourly rates in excess of $400.00 per hour were reasonable, *see, e. g., Rees v. Colvin*, CIV-11-399-SPS; *Magruder-Martin v. Colvin*, CIV-11-115-JHP-SPS; *Hudson v. Astrue*, CIV-10-416-SPS; and in any event, the cases cited by the Commissioner suggest that an hourly rate of as much as $600.00 per hour might be reasonable. Second it is through no fault of the Attorney that only 16.7 hours were expended in this case; the Commissioner voluntarily moved to remand following

the filing of the Opening Brief, which obviated the need for any additional work by the Attorney that might have brought the hourly rate down considerably. Third, although the Attorney might have sought a fee of $24,532.00 (the entire amount of the 25% withheld from the Plaintiff's past-due benefits of $98,128.00), he elected instead to reduce his fee request to the amount remaining in the Commissioner's possession after payment of the $6,000.00 fee for representation at the agency level under Section 406(a). *See Russell v. Astrue*, 509 Fed. Appx. 695, 696-97 (10th Cir. 2013) ("[A]fter rejecting the contingent fee as excessive, the district court made use of the remaining withheld funds as a ready concrete alternative . . . we know of no prohibition on doing this[.]"). Furthermore, it is as is always worth noting that the fee was contingent on a favorable outcome, and the risk of loss assumed by the Attorney was clearly not negligible under the circumstances. The Court therefore concludes that the requested fee of $18,532.00 is reasonable within the guidelines set by *Gisbrecht*.

It appears from the record that the Commissioner retains sufficient funds to pay the $18,532.00 awarded to the Attorney herein under Section 406(b)(1), *i. e.*, $24,532.00 was withheld from Plaintiff's past-due benefits, and $6,000.00 has been or will be paid to the agency representative under Section 406(a). But if for any reason the Commissioner does not have sufficient funds on hand, the Plaintiff's attorneys must recover any balance due from the Plaintiff herself, not from her past-due benefits. *See Wrenn*, 525 F.3d at 933 ("If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference."). Furthermore, because the $18,532.00 awarded

herein pursuant to Section 406(b)(1) exceeds the $3,293.00 amount previously awarded to the Plaintiff under the EAJA, the Attorney must refund the latter amount to the Plaintiff.  *See Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir.1986).

Accordingly, Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Docket No. 26] is hereby GRANTED.  The Court approves an award of attorneys' fees in the amount of $18,532.00 to the Plaintiff's attorneys pursuant to 42 U.S.C. § 406(b)(1), and directs the Commissioner to pay to the Plaintiff's attorneys the balance of any past-due benefits in her possession up to said amount. The Plaintiff's attorneys shall thereupon refund to the Plaintiff the full amount previously awarded under the EAJA.

**IT IS SO ORDERED** this 30th day of December, 2014.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma